UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:03-CR-470 CEJ ) |
| JEFFREY THOMAS, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Jeffrey Thomas for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. The United States has filed a response, and the issues are fully briefed.

### I. Background

On May 18, 2005, a jury found Thomas guilty of four counts of mail fraud (in violation of 18 U.S.C. §§ 1341 and 2), one count of wire fraud (in violation of 18 U.S.C.§§ 1343 and 2), two counts of money laundering (in violation of 18 U.S.C. §§ 1957 and 2), and one count of bank fraud (in violation of 18 U.S.C. §§ 1344 and 2). He was sentenced on August 12, 2005, to a 172-month term of imprisonment, to be followed by a five-year supervised release term. The judgment also required Thomas to pay restitution in the sum of $1,147,683.71. The judgment was affirmed on appeal. United States v. Thomas, 451 F.3d 543 (8th Cir. 2006). The United States Supreme Court denied Thomas' petition for a writ of certiorari. Thomas v. United States, 549 U.S. 1144, 127 S.Ct. 1010, 166 L.Ed.2d 761 (2007).

### II. Discussion

In the instant motion, Thomas argues for a new trial based on newly discovered evidence. Federal Rule of Criminal Procedure 33(b)(1) provides that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." A defendant seeking a new trial under Rule 33(b)(1) must also prove the following factors:

> (1) the evidence must have been unknown or unavailable to the defendant at the time of trial; (2) the defendant must have been duly diligent in attempting to uncover it; (3) the newly discovered evidence must be material; and (4) the newly discovered evidence must be such that its emergence probably will result in an acquittal upon retrial.

United States v. Baker, 479 F.3d 574, 577 (8th Cir. 2007). To satisfy the materiality requirement, the defendant must show that the newly discovered evidence is more than merely impeaching. Id.

The United States argues that the motion for new trial should be denied because it was not filed within the time period allowed by Rule 33(b)(1). To be timely, the motion had to be filed by May 19, 2008, which is 3 years after the May 18, 2005 verdict. In the certificate of service, Thomas states that his motion was "placed in the prison mail system on 5/15/08." At the time the motion was filed, Thomas was incarcerated at the Federal Medical Center in Lexington, Kentucky. The envelope containing the motion was postmarked in Lexington, Kentucky on May 19, 2008. The motion was received by the Clerk of Court on May 21, 2008.

Pursuant to the prison mailbox rule, the filing date of a notice of appeal is the date on which the *pro se* prisoner delivers the notice to prison authorities. Houston v. Lack, 487 U.S. 266, 275 (1988). The prison mailbox rule (now embodied in Rule 4(c) of the Federal Rules of Appellate Procedure) originally applied only to notices of appeal,

but it has since been extended to other *pro se* prisoner filings. Grady v. United States, 269 F.3d 913, 916 (8th Cir. 2001)(citation omitted). The Eighth Circuit has recognized § 2255 motions as within the scope of *pro se* prisoner filings, but has made no determination as to whether Rule 33 motions fall within the scope as well. Id. However, following the lead of the Second Circuit, this Court believes it is appropriate to extend the application of Rule 4(c) to Rule 33 motions. Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001). Thus, Thomas would have to had to deposit the Rule 33 motion in the FMC Lexington legal mail system to receive the benefit of the prison mailbox rule. Fed.R.App.P. 4(c)(1).

Thomas states under penalty of perjury that he placed the motion in the prison mail system on May 15, 2008. There is no information contradicting this, so the Court finds that the motion was timely filed.

Regardless of its timeliness, however, the motion for a new trial fails on the merits. For the reasons discussed below, the Court finds that Thomas' allegations of newly discovered evidence are misplaced, unsubstantiated and fail to meet the stringent Rule 33 requirements.

Thomas' first claim is that St. Louis County Police Department officials violated his Fourth Amendment rights through illegal searches and seizures in March 2003. Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure requires that motions to suppress evidence be raised before trial. Fed.R.Crim.P. 12(b)(3)(C). If the defendant fails to raise a suppression motion before trial, the defendant has effectively waived all 12(b)(3) objections, defenses or requests. Fed.R.Crim.P. 12(e). The mandatory waiver applies in the context of Rule 33 motions where it is alleged that evidence was obtained in violation of the Fourth Amendment. United States v. Jaku, No. 95-CR-

1030(TPG), 1998 WL 872481, at *3 (S.D.N.Y. Dec. 14, 1998); *see also* Fiumara v. United States, 727 F.2d 209, 213 (2d Cir. 1984)(defendant waived right to object to illegally seized tapes for failure to bring pre-trial suppression motion); Michalek, 819 F.Supp. at 261-262 (Fourth Amendment rights are waived when defendant fails to assert them in a pre-trial suppression motion). Relief is typically not granted if the defendant was aware of the illegal search and seizure or failed to investigate the circumstances of the search and seizure prior to trial. *See* United States v. Thomas, 757 F.2d 1359, 1369 (2d Cir. 1985); Jaku, No. 95-CR-1030(TPG), 1998 WL 872481, at *3-4.

Because Thomas failed to file a pre-trial motion to suppress illegally seized evidence, he waived his right to challenge the searches and seizures now. Fed.R.Crim.P. 12(e); Jaku, No. 95-CR-1030(TPG), 1998 WL 872481, at *3. Additionally, the searches and seizures do not constitute newly discovered evidence because Thomas was aware of them before the trial.

Thomas' second claim is that the government failed to disclose favorable evidence, in violation of Brady v. Maryland, 373 U.S. 83 (1963). For his Brady claim to be successful, Thomas has to show that "the government suppressed evidence, that the evidence was exculpatory, and that the evidence was material either to guilt or punishment." United States v. Ryan, 153 F.3d 708, 711 (8th Cir. 1998). Thomas alleges that the government withheld evidence from his defense counsel during trial; however, he does not describe the evidence that was allegedly suppressed. Without this information, it is impossible to determine whether the evidence was exculpatory or material. Id. Furthermore, Thomas' unsubstantiated and generalized allegations do not establish that the government's act of suppression or the evidence itself is newly

discovered.

Thomas' third claim is that his trial counsel had a conflict of interest that impeded the defense. To establish a Sixth Amendment violation, Thomas must show "an actual conflict of interest that adversely affected the lawyer's performance." United States v. Auerback, 745 F.2d 1157 (8th Cir. 1984)(citation omitted). The Eighth Circuit has ruled that a Rule 33 motion is not a proper vehicle for asserting an ineffective assistance of counsel claim. Widgery v. United States, 796 F.2d 223, 226 (8th Cir. 1986). Therefore, the Court will not address the merits of Thomas' third claim.

For the reasons discussed above, the Court concludes that Thomas is not entitled to the relief he seeks.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Jeffrey Thomas for a new trial [#269] is denied.

**IT IS FURTHER ORDERED** that all other pending motions are denied as moot.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of June, 2009.