**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 4:03-CR-00470-RWS |
| vs. ) | |
| ) | |
| ) | |
| **JEFFREY THOMAS** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MOTION TO COMPEL ANSWER OF**
**GARNISHEE AND FOR ORDER TO SHOW CAUSE**

COMES NOW Plaintiff, the United States of America (the "United States"), by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Joshua M. Jones, Assistant United States Attorney, moves this Court pursuant to 28 U.S.C. § 3205(c)(4) to compel Defendant Jeffrey Thomas' two sole proprietorships—Chesterfield Development Group, LLC, and Westland Acres Redevelopment Group, LLC—submit their answers to pending writs of garnishment, and for an order for them to show cause why they should not be held in contempt of court for failure to comply with judicial subpoenas. In furtherance of this motion, the United States of America states as follows:

**A.    Factual Background**

1.    On May 18, 2005, a jury convicted Defendant Jeffrey Thomas ("Defendant") of four counts of Mail Fraud in violation of 18 U.S.C. § 1341 and 1342; one count of Wire Fraud in violation of 18 U.S.C. § 1342 and 1343; two counts of Money Laundering in violation of 18 U.S.C. § 1957; and one count of Bank Fraud in violation of 18 U.S.C. § 1344. Doc. 202 at pg. 1-2.

1

2.      On August 12, 2005, this Court sentenced Defendant to 172 months imprisonment and five years supervised release. *Id.* at pg. 3-4. This Court further ordered Defendant pay $1,147,683.71 in restitution to the victims of his criminal offenses. According to this Court's judgment, Defendant is obligated to pay no less than $400 a month towards his outstanding criminal restitution. *Id.* at pg. 7. As of the date of this pleading, Defendant still owes **$1,833,501.46** in restitution (including interest).

3.      Notwithstanding any other federal law, a judgment imposing restitution is a lien in favor of the Government on all property and rights to property of Defendant. 18 U.S.C. § 3613(a), (c). The Government may enforce a criminal judgment using "the practices and procedures for the enforcement of a civil judgment under Federal law or State law." *Id.* Moreover, the Mandatory Victims Restitution Act, 18 U.S.C. § 3664 *et seq.*, grants the United States the authority to use the collection procedures of the Federal Debt Collection Procedures Act (the "FDCPA") to enforce criminal restitution judgments. *United States v. Yielding*, 657 F.3d 722, 726-27 (8th Cir. 2011).

4.      Pursuant to 28 U.S.C. § 3015(a), the United States may obtain discovery regarding Defendant Jeffrey Thomas using any of the tools authorized by the Federal Rules of Civil Procedure. Pursuant to Fed. R Civ. P. 69, the United States may have discovery from "any person" with regard to Defendant Jeffrey Thomas' finances.

5.      Despite this Court's order that Defendant pay $400 per month, Defendant has failed to do so. The chart below shows the amount Defendant has actually paid versus what he was required to pay.

| Month | Amount Paid | Amount Owed | Deficiency |
|---|---|---|---|
| April 2021 | $200 | $400 | $200 |
| March 2021 | $200 | $400 | $200 |
| February 2021 | $200 | $400 | $200 |
| January 2021 | $200 | $400 | $200 |
| December 2020 | $200 | $400 | $200 |
| November 2020 | $200 | $400 | $200 |
| October 2020 | $200 | $400 | $200 |
| September 2020 | $200 | $400 | $200 |
| August 2020 | $200 | $400 | $200 |
| July 2020 | $150 | $400 | $250 |
| June 2020 | $150 | $400 | $250 |
| May 2020 | $150 | $400 | $250 |
| April 2020 | $0 | $400 | $400 |
| March 2020 | $160 | $400 | $240 |
| February 2020 | $150 | $400 | $250 |
| January 2020 | $150 | $400 | $250 |
| **Total Deficiency Since January 2020:** | | | **$3,690** |

6. As demonstrated in the table above, since January 2020, Defendant is $3,690 in arrears on the required payments due to the victims of his criminal offenses. Yet, Defendant has the financial ability to make the full required monthly payments. For example, on Schedule C of his 2019 federal income tax return, Defendant listed **$103,956** in gross receipts from just one of his businesses, and a gross profit of **$73,567**. Defendant did not list any dependents on his 2019 federal income tax return, and the United States knows of no financial obligations Defendant owes to any former spouse or children.

B. **Defendant's Companies Refuse to Answer Subpoenas**

7. Defendant Jeffrey Thomas is the sole proprietor of at least two Missouri limited liability corporations: Chesterfield Development Group, LLC ("Chesterfield Development"), and Westland Acres Redevelopment Group, LLC ("Westland Acres").

8. On April 8, 2021, the United States issued subpoenas to both Westland Acres and Chesterfield Development pursuant to Fed. R. Civ. P. 45 seeking information about Defendant's

3

financial situation. Responses to the subpoenas were due April 19, 2021. The United States has reason to believe that Defendant, through his various companies, is involved in multiple construction projects throughout the St. Louis metropolitan area. In fact, the United States has obtained evidence that Chesterfield Development listed itself as the general contractor on an application to the City of Kirkwood, Missouri, for the construction of a new home that recently sold on April 29, 2021, for over $750,000.

9. Copies of the subpoenas are attached hereto as Exhibits A and B. Among other things, the subpoenas asked both companies to produce "[a]ll documents showing any financial transfers (e.g., copies of checks, receipts of wire transfers, etc.) between" the companies and Jeffrey Thomas. Further, the subpoenas asked for "[a]ll statements (whether monthly, quarterly, or annual) for any financial account held by" each company.

10. On April 26, 2021, Defendant replied to the subpoenas. The response included (1) a March 2021 statement from Lindell Bank in the name of Chesterfield Development; (2) December 2020 through February 2021 statements from Jefferson Bank and Trust for Chesterfield Development Group; (3) January through March 2021 statements from Bank of America for an account in the name of Jeffrey Thomas.

11. The responses failed to produce all of the subpoenaed documents. For example:

    a. Westland Acres did not produce any records of financial statements or other information. On Schedule C of Defendant's 2019 federal income tax return, Defendant identified the tax identification number for Westland Acres, and identified $16,880 in business losses suffered by the company, including $5,300 in commissions and fees. In order for Westland Acres to be making

4

        payments for fees, commissions, and other expenses, it almost certainly has a business account from which such payments are made.

    b.    In December 16, 2019, Defendant completed Form B from the U.S. Probation Office related to his employment activities that month.[1] On the form, Defendant stated that was employed by Westland Acres and that he received "commission upon sell [sic] of property" and that he had received $335 net earnings from Westland Acres with another $1,925 in "material reimbursements." Defendant further identified that the funds were deposited into an account at Bank of America. Yet, Westland Acres did not produce those records despite the subpoena.

    c.    Neither Westland Acres nor Chesterfield Development produced any documents identifying the officers, members, or owners of the companies. While the United States suspects that Defendant—as the sole proprietor of both companies—is the only officer and employee, the companies need to verify this information.

12.    Because Defendants' companies failed to produce many of the documents demanded of them in the subpoenas, the United States sent correspondence demanding full and complete answers no later than April 30, 2021. A copy of the United States correspondence is attached hereto as Exhibit C.

13.    On April 30, 2021, counsel for Defendant responded indicating that "if certain categories of subpoenaed documents are, in your view, not responded to, that is either—based on

---

[1] Because the form contains personally identifiable information, the United States is not attaching it to this pleading. If the Court wishes to have a copy of the form, the United States can seek leave to file the document under seal or produce it at a hearing on this matter.

what has been represented to us—because responsive documents do not exist or—again, based on what has been represented to us—are not within the custody and control of the LLCs." To be clear, the United States takes no issue with Defendant's counsel in this matter. Rather, Defendant's companies have an obligation to produce <u>all</u> of the documents demanded from them, and produce those to the United States (either directly or through counsel).

14. The United States is scheduled to take Defendant's deposition on May 12, 2021, in Clayton, Missouri. Having all of the subpoenaed documents will aid the United States in taking the deposition, and in its efforts to collect restitution for the victims of Defendant's criminal offenses.

15. Accordingly, the United States prays this Court issue an order to Chesterfield Development Group and Westland Acres Redevelopment Group to show cause why they should not be held in in contempt for failing to comply with a lawfully issued judicial subpoena.

16. According to the Missouri Secretary of State, the following is the contact information for both companies:

**Chesterfield Development Group, LLC**
Charter No. LC001562873
c/o Jeffrey Thomas, Registered Agent
1111 Beau Jardin Court
St. Louis, Missouri 63146

**Westland Acres Redevelopment Group, LLC**
Charter No. LC001548129
c/o Jeffrey Thomas, Registered Agent
1111 Beau Jardin Court
St. Louis, Missouri 63146

C. **Failure To Answer Writ of Garnishment**

17. On April 8, 2021, the United States filed applications for writs of garnishment to both Chesterfield Development Group and Westland Acres Redevelopment Group pursuant to 28

6

U.S.C. § 3205(b). Docs. 332, 333. This Court issued writs of garnishment on April 9, 2021, pursuant to 28 U.S.C. § 3205(c)(2). Docs. 334, 335. Pursuant to 28 U.S.C. § 3205(c)(3), the United States served copies of the writs on both Chesterfield Development Group and Westland Acres Redevelopment Group. In addition, the United States filed notices with this Court indicating that both companies had been served on April 13, 2021. Docs. 336, 337. Pursuant to 28 U.S.C. §§ 3205(c)(2)(E) and 3205(c)(4), Chesterfield Development Group and Westland Acres Redevelopment Group are required to file with this Court their answers to the writs of garnishment.

18.     Neither Chesterfield Development Group nor Westland Acres Redevelopment Group have filed their statutorily-required answers to the writs of garnishment issued to this Court. Accordingly, the United States of America prays this Court issue an order commanding them to file their answers.

WHEREFORE, the United States prays this Court issue (1) an order to Chesterfield Development Group and Westland Acres Redevelopment Group to show cause why they should not be held in contempt of court for failing to comply with a judicial subpoena; and (2) an order directing Chesterfield Development Group and Westland Acres Redevelopment Group to file answers to the pending writs of garnishment pursuant to 28 U.S.C. § 3205(c)(4).

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney


/s/ *Joshua M. Jones*
Joshua M. Jones, Mo. Bar # 61988
Anthony Debre, Mo Bar # 67612
Assistant United States Attorney
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 20th Floor
St. Louis, MO 63102
(314) 539-2310
Fax: (314) 539-2287
joshua.m.jones@usdoj.gov

**Certificate of Service**

      The undersigned hereby certifies that on May 5, 2021, a true and accurate copy of the foregoing document was filed electronically via this Court's CM/ECF system, and therefore served on all parties of record. The undersigned further certifies that copies of the foregoing were served via certified mail, return receipt requested, to the following:

**Chesterfield Development Group, LLC**
Charter No. LC001562873
c/o Jeffrey Thomas, Registered Agent
1111 Beau Jardin Court
St. Louis, Missouri 63146

**Westland Acres Redevelopment Group, LLC**
Charter No. LC001548129
c/o Jeffrey Thomas, Registered Agent
1111 Beau Jardin Court
St. Louis, Missouri 63146

The United States further certifies that on May 5, 2021, a copy of the foregoing pleading was sent via electronic mail to:

Justin Gelfand
justin@margulisgelfand.com

Ian Murphy
ian@margulisgelfand.com

*Attorneys for Defendant*

                                                                  /s/ *Joshua M. Jones*
                                                                  Assistant United States Attorney