UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>)<br>**JEFFREY THOMAS,** )<br>)<br>**Defendant.** )<br>_____) | Case No. 4:03-CR-00470-RWS |

**REPLY TO CHESTERFIELD DEVELOPMENT GROUP AND WESTLAND ACRES REDEVELOPMENT GROUP'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

COMES NOW Plaintiff, the United States of America (the "United States"), by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Joshua M. Jones, Assistant United States Attorney, and for its Reply to Chesterfield Development Group, LLC, and Westland Acres Redevelopment Group, LLC's Response to Court's Order to Show Cause (Doc. 353), states as follows.

1. On May 18, 2005, a jury convicted Defendant Jeffrey Thomas ("Defendant") of four counts of Mail Fraud in violation of 18 U.S.C. §§ 1341 and 1342; one count of Wire Fraud in violation of 18 U.S.C. §§ 1342 and 1343; two counts of Money Laundering in violation of 18 U.S.C. § 1957; and one count of Bank Fraud in violation of 18 U.S.C. § 1344. Doc. 202 at pg. 1-2.

2. On August 12, 2005, this Court sentenced Defendant to 172 months imprisonment and five years supervised release. *Id.* at pg. 3-4. This Court further ordered Defendant pay $1,147,683.71 in restitution to the victims of his criminal offenses.

3. Notwithstanding any other federal law, a judgment imposing restitution is a lien in favor of the Government on all property and rights to property of Defendant. 18 U.S.C. § 3613(a), (c). The Government may enforce a criminal judgment using "the practices and procedures for the enforcement of a civil judgment under Federal law or State law." *Id.* Moreover, the Mandatory Victims Restitution Act, 18 U.S.C. § 3664 *et seq.*, grants the United States the authority to use the collection procedures of the Federal Debt Collection Procedures Act (the "FDCPA") to enforce criminal restitution judgments. *United States v. Yielding*, 657 F.3d 722, 726-27 (8th Cir. 2011).

A. **Rule 45 Subpoenas**

4. Pursuant to 28 U.S.C. § 3015(a), the United States may obtain discovery regarding Defendant using any of the tools authorized by the Federal Rules of Civil Procedure. Pursuant to Fed. R Civ. P. 69, the United States may have discovery from "any person" with regard to Defendant Jeffrey Thomas' finances.

5. Defendant is the sole proprietor of at least two Missouri limited liability corporations: Chesterfield Development Group, LLC ("Chesterfield Development"), and Westland Acres Redevelopment Group, LLC ("Westland Acres"). Further, according to the Missouri Secretary of State, Defendant is the registered agent for both Chesterfield Development and Westland Acres.

6. On April 8, 2021, the United States issued subpoenas to both Westland Acres and Chesterfield Development pursuant to Fed. R. Civ. P. 45 seeking information about Defendant's financial situation. Responses to the subpoenas were due April 19, 2021. The United States has reason to believe that Defendant, through his various companies, is involved in multiple construction projects throughout the St. Louis metropolitan area. In fact, the United States has obtained evidence that Chesterfield Development listed itself as the general contractor on an

2

application to the City of Kirkwood, Missouri, for the construction of a new home that recently sold on April 29, 2021, for over $750,000.

7. On May 6, 2021, this Court issued an order to Chesterfield Development and Westland Acres to show cause why they should not be held in contempt for failing to fully answer the Rule 45 subpoenas issued upon them. Doc. 340.

8. Chesterfield Development and Westland Acres filed their response on June 21, 2021. Doc. 353. In their response, Chesterfield Development and Westland Acres argue that the United States did not properly serve the pending subpoenas pursuant to Fed. R. Civ. P. 45. Doc. 353 at pg. 4.

9. The United States served the subpoenas via certified mail, return receipt provided. Tellingly, on April 26, 2021, Defendant—through counsel and on behalf of his companies—responded to the subpoenas by producing some, but not all, of the documents requested. Doc. 339. Now, Defendant argues that he is not required to answer the subpoenas because of the service issue.

10. On June 29, 2021, an officer with the U.S. Marshals Service served copies of the Rule 45 subpoenas personally on Defendant. The officer did this while Defendant was appearing in-person before this Court on a hearing to discuss the terms of his supervised release.

11. Now that Defendant (the registered agent, owner, and sole employee of both Chesterfield Development and Westland Acres) has been personally served with copies of the subpoenas, the companies' argument about service is moot. They should be required to respond in full to the subpoenas.

12. Chesterfield Development and Westland Acres further argue that they should not have to respond to the subpoenas because the United States is being "overzealous." Doc. 353 at

pg. 6. The United States is required by law to pursue "collection of an unpaid fine or restitution." 18 U.S.C. § 3612(c). Here, the United States has reason to believe that Defendant has substantial resources that could be used to repay the victims of Defendant's crimes. To that end, the United States is trying to obtain information, as permitted by Fed. R. Civ. P. 69 and Section 3015(a), to determine the extent of Defendant's financial situation. It is telling that Defendant is trying to avoid providing financial information to the Untied States. Regardless, Defendant cannot create a new exception to the United States' statutory authority to obtain information about his finances simply because he thinks the government is "overzealous."

### B. **Writ of Garnishment**

13. On April 8, 2021, the United States filed applications for writs of garnishment to both Chesterfield Development Group and Westland Acres Redevelopment Group pursuant to 28 U.S.C. § 3205(b). Docs. 332, 333. This Court issued writs of garnishment on April 9, 2021, pursuant to 28 U.S.C. § 3205(c)(2). Docs. 334, 335. Pursuant to 28 U.S.C. § 3205(c)(3), the United States served copies of the writs on both Chesterfield Development Group and Westland Acres Redevelopment Group. In addition, the United States filed notices with this Court indicating that both companies had been served on April 13, 2021. Docs. 336, 337. Pursuant to 28 U.S.C. §§ 3205(c)(2)(E) and 3205(c)(4), Chesterfield Development Group and Westland Acres Redevelopment Group are required to file with this Court their answers to the writs of garnishment.

14. On May 6, 2021, this Court issued the following order:

> **IT IS FURTHER ORDERED** that Chesterfield Development Group, LLC, and Westland Acres Redevelopment Group, LLC, shall file answers to the pending writs of garnishment, as required by 28 U.S.C. § 3205(c)(2)(E) and 3205(c)(4), no later than **May 28, 2021**.

Doc. 340 at pg. 2 (emphasis in original).

15.     Despite the clear and unambiguous language of this Court's order, neither Chesterfield Development nor Westland Acres filed answers. Instead, Chesterfield Development and Westland Acres argue that they should not have to comply with this Court's order because they were not personally served with a copy of the writ issued by this Court. Doc. 353 at pg. 4-5.

16.     The United States disagrees with Defendant's assertion that writs of garnishment issued pursuant to Section 3205 must be served in person, rather than by certified mail or other procedure, as authorized by Fed. R. Civ. P. 5. But to avoid further litigation on this issue, on June 29, 2021, an officer of the U.S. Marshal's Service personally served copies of this Court's writs of garnishment (Docs. 334 and 335). The United States hereby certifies that service has been made pursuant to 28 U.S.C. § 3205(c)(3).

WHEREFORE, the United States prays this Court require Chesterfield Development and Westland Acres to (a) fully respond to the subpoenas served upon them; and (b) file answers to the pending writs of garnishment as required by 28 U.S.C. § 3205(c).

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney


/s/ *Joshua M. Jones*
Joshua M. Jones, Mo. Bar # 61988
Anthony Debre, Mo Bar # 67612
Assistant United States Attorney
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 20th Floor
St. Louis, MO 63102
(314) 539-2310
Fax: (314) 539-2287
joshua.m.jones@usdoj.gov

**Certificate of Service**

  The undersigned hereby certifies that on June 29, 2021, a true and accurate copy of the foregoing document was filed electronically via this Court's CM/ECF system, and therefore served on all parties of record.

                /s/ *Joshua M. Jones*
                Assistant United States Attorney